**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50383 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01106-JFW-3 |
| v. | |
| HARRY HUMPHRIES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 8, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.**

Harry Humphries appeals his conviction for one count of illegally storing

hazardous waste without a permit in violation of the Resource Conservation and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

Recovery Act, 42 U.S.C. 6928(d)(2). For the reasons stated below and in a concurrently filed opinion, we affirm the conviction.

1. The district court did not abuse its discretion under Federal Rule of Evidence 701 by allowing lay witness Ernest Reguly to testify that he observed "waste" at Humphries' company. Moreover, even if the district court improperly admitted the evidence, any error was harmless in light of Humphries' own testimony that the chemicals were considered "waste" during the same time period. Trial Tr. at 159-60, 178, 184.

2. The district court did not plainly err by failing to sua sponte exclude Reguly's testimony referring to tests that had been conducted to determine that the used chemicals were waste. Although Humphries contends that Reguly's testimony constituted improper vouching, he cites no authority applying this concept when a witness, without being solicited to do so by the prosecutor, refers to information that was not presented to the jury in an effort to buttress his own opinion testimony. Even if it was error to allow the testimony, any error was harmless.

3. The district court did not abuse its discretion by excluding certain aspects of the testimony of Humphries' proposed expert, John Matthews. The

topics to which Humphries argues his expert should have been able to testify were irrelevant, cumulative or would have confused the jury.

4.    The district court did not abuse its discretion by admitting evidence under Federal Rule of Evidence Rule 404(b).  The evidence of Humphries' 1992 hazardous waste violation was probative of Humphries' knowledge, not too remote in time and sufficiently similar to the violations charged in the current prosecution.

**AFFIRMED.**